IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER L. BROWN, | : | No. 4:CV-06-851 |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| TROY WILLIAMSON | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

**July 7, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The petitioner, Roger L. Brown ("Petitioner" or "Brown"), an inmate proceeding *pro se*, commenced a 28 U.S.C. § 2241 ("§ 2241") action by filing a Petition for Writ of Habeas Corpus ("Petition") on April 25, 2006. (Rec. Doc. 5 at 1). The case was referred to Magistrate Judge Blewitt for preliminary review.

On June 11, 1980, in the District of Columbia ("D.C.") Superior Court, Petitioner was convicted of felony murder, robbery while armed, attempted robbery while armed, and burglary while armed. (Rec. Doc. 8 at 1). He was sentenced to a term of thirty (30) years to life imprisonment. (Rec. Doc. 5 at 2). On January 25, 2006, a hearing took place in order to determine Petitioner's suitability for parole. Petitioner averred that at this hearing, the examiner violated

1

his rights under the Ex Post Facto Clause of the United States Constitution by using federal parole guidelines found in Title 28 of the Code of Federal Regulations, guidelines that were adopted subsequent to Petitioner's conviction. Instead, Petitioner asserted that the 1978 D.C. Parole Board Guidelines should have been utilized in calculating his parole eligibility because these guidelines would have been applicable to him at the time he was charged. Id. at 3-4.

These averments formed the basis for Brown's Petition, which was subsequently denied by Magistrate Judge Thomas M. Blewitt in his Report and Recommendation of May 23, 2006. (Rec. Doc. 5 at 10). In his objections to this Report and Recommendation, Brown attempts to resuscitate his original Petition by correcting its fatal defects.[1] This challenge to the Magistrate Judge's Report and Recommendation will form the basis of this narrative.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or

---

[1] Magistrate Judge Blewitt noted that the major defect in Brown's Petition was that he had not complied with the requirements of a successful Ex Post Facto claim. There are two prongs to the "Ex Post Facto Test:" (1) there must be a change in law or policy which has been given retroactive effect and (2) its retroactive application must create a real risk of increasing the measure of punishment. Richardson v. PA Parole Bd., 423 F.3d 282, 288 (3d Cir. 2005). In Brown's instance, his claim was deficient because he had not alleged how the retrospective application of the federal parole standards resulted in a more onerous parole eligibility then that produced under the D.C. Parole Board Guidelines.

recommendations made by the magistrate judge to which there are objections.  See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  See id.; see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**DISCUSSION:**

In his objections to Magistrate Judge Blewitt's Report and Recommendation, Brown attempts to rectify the deficiencies present in his original Petition.  In following persuasive authority in the Third Circuit, we will allow the Petitioner to amend his original Petition in this fashion.[2]  As Magistrate Judge Blewitt so aptly noted in his Report and Recommendation, it appears that an Ex

---

[2] When a habeas petitioner objects to a magistrate judge's report and recommendation by advancing new averments, the petitioner's "pro se status and the general federal policy of liberally granting amendments to pleadings, including habeas corpus petitions favor this result." Husovsky v. Lavan, 2005 U.S. Dist. LEXIS 14929 at * 2 n.1 (E.D. Pa. 2005).

Post Facto claimant must satisfy a prerequisite[3] before the Court will apply the aforementioned two prong test.  See Blair-Bey v. Quick, 159 F.3d 591, 592 (D.C. Cir. 1998).  Determining the rigidity of the federal guidelines challenged by Brown would require this Court to delve into a statistical evaluation of the percentage of cases in which the U.S. Parole Commission ("Commission") transgressed its guidelines when issuing set-offs.  We will accordingly assume, in arguendo, that Brown has satisfied this prerequisite so that we can analyze his claim under the applicable two prong test.

To restate this test, a successful Ex Post Facto claim must (1) involve a change in law which has a retrospective effect that (2) creates a risk of increasing the measure of the claimant's punishment.  Richardson v. PA Parole Board, 423 F.3d 282, 288 (3d Cir. 2005). As Magistrate Judge Blewitt noted in his Report and Recommendation, the National Capital Revitalization & Self-Government Improvement Act of 1997 ("Revitalization Act") gave the Commission the

---

[3] The Ex Post Facto Clause of Article 1 §9 of the U.S. Constitution prohibits the ratification of ex post facto laws.  Therefore, the Third Circuit has stated that an Ex Post Facto claim must revolve around a "law" under the meaning of the Ex Post Facto Clause. In Crowell v. U.S. Parole Com'n, the Third Circuit stated that the test for determining whether parole guidelines are "laws" within the meaning of the Ex Post Facto Clause is whether the guidelines are applied "rigidly, or with substantial flexibility."  Crowell v. U.S. Parole Com'n, 724 F.2d 1406, 1408 (3d Cir. 1984).  If applied rigidly or mechanically, parol guidelines constitute laws that can violate the Ex Post Facto Clause. Bonilla v. Vaughn, 1998 WL 480833, *7 (E.D. Pa. 1998).

authority to make parole decisions for D.C. Code offenders. (Rec. Doc. 5 at 3). While these decisions were to be governed by the rules of the D.C. Parole Board, the Revitalization Act gave the Commission the authority to "amend and supplement" the D.C. Parole rules. Id. at 8. The Commission exercised this authority, and the Petitioner objects to the use of the subsequently amended D.C. Parole rules (referred to as "federal parole guidelines") at his parole hearing. As Respondent does not contest that the federal parole guidelines were applied retrospectively in Petitioner's situation, we find that Petitioner satisfies the first prong. See Rec. Doc. 5. The second prong, however, is where Petitioner's claim fails.

In his initial Petition, Brown failed to address how the retrospective application of the federal parole guidelines negatively affected his parole status. Thus, his claim failed to satisfy the second prong of the Ex Post Facto test. However, in his objections to the Magistrate Judge's Report and Recommendation, Petitioner attempts to cure this defect by alleging that the application of the federal parole guidelines added 15 years to his parole eligibility. (Rec. Doc. 8 at 2). He then claims that he would have "fared better under the more open-ended parole system [D.C. Parole Board Guidelines] that was in effect in 1978." Id.

While such an averment ostensibly satisfies the second prong, a comparison

between the original D.C. Parole Board Guidelines and the federal guidelines applied to Petitioner Brown yields a different conclusion.  In amending the original D.C. Parole Board Guidelines, the Commission essentially adopted the same point scoring system that the D.C. Board used.  (Rec. Doc. 5 at 8).  "The modifications which the Commission has made to the point scoring system used by the D.C. Board incorporate factors upon which the D.C. Board relied to upwardly depart from its . . . guidelines."  Id.  Thus, the changes to the original D.C. Parole Board Guidelines were merely codifications of unofficial discretionary factors that had been previously utilized by the D.C. Board to substantiate upward departures.  Accordingly, while these discretionary factors affected Petitioner's parole eligibility under the federal parole guidelines, they would have similarly affected his parole eligibility  had the D.C. Parole Board Guidelines of 1978 been applied during his parole hearing.

That being said, it is clear that Petitioner cannot satisfy the second prong of the Ex Post Facto test because he cannot show that retrospective application of the federal parole guidelines produced a more onerous parole status than the parole status that would have been produced by application of the 1978 D.C. Parole Board Guidelines.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 52) is adopted in its entirety.

2. The Petition for Writ of Habeas Corpus (doc. 1) is DENIED.

3. There is no basis for the issuance of a Certificate of Appealability. See 28 U.S.C. § 2253(c).

4. The Clerk is directed to close the file on this case.

s/ John E. Jones III  
John E. Jones III  
United States District Judge